| | |
|---|---|
| 1 | ZIEVE, BRODNAX & STEELE, LLP |
| | Erin M. McCartney, Bar No. 308803 |
| 2 | Mark S. Krause, Bar No. 302732 |
| 3 | 30 Corporate Park, Suite 450 |
| | Irvine, CA 92606 |
| 4 | Telephone: (714) 848-7920 |
| | Fax: (714) 908-2615 |

Attorneys for Movant, Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not In Its Individual Capacity But Solely As Trust For Brougham Fund I Trust

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Gerardo Jacob Socco, Jr. and Rosario Chet Santos Socco,<br><br>      Debtors, | Case No.: 17-30948<br>R.S. No.: MSK-1<br>Chapter: 13<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**<br><br>Hearing:<br>Date: May 3, 2018<br>Time: 1:00 p.m.<br>Place: United States Bankruptcy Court<br>       Courtroom 19<br>       450 Golden Gate Ave.<br>       San Francisco, CA 94102 |

      COMES NOW Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not In Its Individual Capacity But Solely As Trust For Brougham Fund I Trust ("Movant") through the undersigned counsel moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain real property of the Debtors. The facts and law supporting this Motion are set forth below and in the Declaration in Support of Motion for Relief from Automatic stay filed contemporaneously herewith (the "Declaration").

Motion for Relief from Stay
Page - 1

## FACTUAL BACKGROUND

1. Debtors, Gerardo Jacob Socco, Jr. and Rosario Chet Santos Socco, are the owners of the real property located at **2800 Chabot Dr., San Bruno, California 94066-1711** (the "Property").

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtors on September 22, 2017. On November 16, 2017, an order confirming Debtors' Chapter 13 Plan was entered.

3. Debtors, Gerardo Jacob Socco, Jr. and Rosario Chet Santos Socco, have executed and delivered that certain promissory Note in the original principal amount of $660,000.00 (the "Note"). Movant is an entity entitled to enforce the Note. Movant, directly or through an agent, has possession of the Note. A copy of the Note is attached hereto as **Exhibit "1".**

4. Pursuant to the Deed of Trust, all obligations of the Debtors under the Note and Deed of Trust with respect to the Loan are secured by the Property. A true and correct copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief hereto as **Exhibit "2".**

5. Movant is the original mortgagee or beneficiary or the assignee of the Deed of Trust. A true and correct copy of the assignment(s) of the Deed of Trust is attached to the Declaration in Support of Motion for Relief as **Exhibit "3".**

6. BSI Financial Services, Inc. services the underlying mortgage loan and note for the property referenced in this Motion for Relief for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not In Its Individual Capacity But Solely As Trust For Brougham Fund I Trust and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not In Its Individual Capacity But Solely As Trust For Brougham Fund I Trust has the right to foreclose because Movant is the original mortgagee or beneficiary or assignee of the security

instrument for the referenced loan. Movant, directly or through an agent, has possession of the promissory note and the promissory note is either made payable to Movant or has been duly endorsed.

7. As of March 22, 2018, there are one or more defaults in paying Debtor's mortgage payments with respect to the Note. Debtors owe a minimum outstanding obligation amount of $706,688.56.

8. Pursuant to the Note, an additional monthly payment in the amount of $3,497.93 will come due on April 1, 2018.

9. In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $181.00 in costs. Movant reserves all rights to seek an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy code and otherwise applicable law.

10. The following chart sets forth those post-petition payments, due pursuant to the terms of the Note, that have been missed by the Debtors as of March 8, 2018:

| # of Missed Payments | From | To | Missed Monthly P&I | Missed Monthly Escrow | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 4 | 12/01/17 | 3/01/18 | $3,012.21 | $485.72 | $3,497.93 | $13,991.72 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | | | ($1,662.59) |

Total: $12,329.13

## LAW AND ARGUMENT

1. 11 U.S.C. § 362(d)(1) provides that relief from the automatic stay shall be granted for "cause." As set forth in *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985), failure to make post-petition payments can constitute cause for terminating the automatic stay. As set forth above and in the Declaration filed in support of herewith, Debtors have failed to make 4 post-petition payments.

///

///

Motion for Relief from Stay
Page - 3

Case: 17-30948    Doc# 17    Filed: 04/09/18    Entered: 04/09/18 16:46:45    Page 3 of 5

2. Pursuant to the provisions of 11 U.S.C. § 361 and § 362(d)(1), Movant is entitled to adequate protection of its interest in the Property. *In re Pliss*, 34 B.R. 432 (Bankr. D. Or. 1983), the Failure to provide Movant with adequate protection is grounds for granting Movant relief from stay. Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion. Since the filing of the instant bankruptcy petition Debtors have failed to make the normal cash payments called for by the note.

**PRAYER FOR RELIEF**

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. For an Order that 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. Movant, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification refinance agreement or other loss mitigation agreement as allowed by state law.

///
///
///
///
///

6. Movant may contact Debtors to comply with California Civil Code § 2923.5 or 2923.55 as necessary.

7. For such other relief as the Court deems proper.

DATED: 4/9/2018 **ZIEVE, BRODNAX & STEELE, LLP**

By: Mark S. Krause
ERIN M. MCCARTNEY, ESQ.
MARK S. KRAUSE, ESQ.
Attorneys for Wilmington Savings Fund Society, FSB, D/B/A Christiana Trust, Not In Its Individual Capacity But Solely As Trust For Brougham Fund I Trust

Motion for Relief from Stay
Page - 5